Eastern Dist *MELLON* vs. *LOUISIANA STATE INSURANCE COM-*
*January* 1828                    *PANY.*

Whether
an abandon-
ment was
made in due
time, is a pro-
per question
to be acted
on by the ju-
ry.

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the court. This is an action on a policy of insurance executed by the defendants on goods shipped by the plaintiff on board the schooner Samuel Smith, on a voyage from New-Orleans to *Port au Prince.* The vessel encountered a severe gale of wind on her passage, and was obliged to put into Savannah. A survey was then held on her, and in consequence of the damage she had sustained, she was condemned—the voyage was broken up, and the cargo sold. The plaintiff claims as for a total loss.

The cause has been submitted to two juries who have both found for the plaintiff.

The fact of the voyage being broken up, and the propriety of selling the articles insured, have not been contested. The principal, we may almost say, the only question in the cause is, whether there was such an abandonment of the insured's interest in the property saved as will enable him to recover as for a total loss.

The cargo was sold in Savannah on the 20th June, 1825. On the 4th or 5th August, the agent of the plaintiff made a demand of the ae-

fendants of payment for a total loss. On the
3d of November, the plaintiff, who had been a
resident of Philadelphia for some months previous, made a formal abandonment.

Eastern Dis.
*January* 1828

MELLON
*vs.*
LOUISIANA
STATE INS.
COMPANY.

A question has been made, whether a demand for a total loss amounts to an abandonment. But in this case, a decision of that point is unnecessary, for there was a re ular abandonment. It is true it has been contended that abandonment was made too late. But whether it was or not, or in other words, whether it was made in a reasonable time, was a question of fact to be decided by the jury under all the circumstances of the case; and we do not see any thing which shews such error in the conclusion they came to as to induce us to send the cause back for a new trial.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Watts* and *Lobdell* for the plaintiff, *Eustis* for the defendant.